UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.:

JENNY MOHOFF,

       Plaintiff,

vs.

SDH Services, Inc., Foreign Limited
Liability Company and Sodexo, Inc.
A Foreign Profit Corporation

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL AND REQUEST FOR INJUCTIVE AND DECLARATORY RELIEF

Plaintiff, JENNY MOHOFF ("Ms. Mohoff" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against the Defendant, SDH Services, Inc. ("SDH"), a Foreign Limited Liability Company, and Sodexo, Inc. ("Sodexo," and collectively, "Defendants"), a Foreign Profit Corporation and alleges the following:

1. Plaintiff brings these claims for religious-based discrimination, and retaliation in violation of Title VII and the Florida Civil Rights Act ("FCRA"), Chapter 760, Florida Statute. Plaintiff is seeking damages including back pay, front pay, benefits, injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs, and any other damages permitted by law.

## JURISDICTION

2. This Court has original jurisdiction over Plaintiff's Title VII claims as they

arise under federal law, pursuant to Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her Title VII claims.

4. The actions giving rise to this lawsuit occurred in Miami-Dade County, Florida.

## CONDITIONS PRECEDENT

5. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about July 1, 2022.

6. Plaintiff received her Right to Sue letter from the EEOC on February 28, 2023, giving her ninety (90) days from that date to file suit on her Title VII claims.

7. More than 180 days have passed since the filing of this charge of discrimination.

8. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

9. All conditions precedent to this action have been satisfied and/or waived.

## VENUE

10. Venue is proper because Defendants conduct substantial business in Miami-Dade County, Florida, and Plaintiff worked for Defendants in Miami-Dade County, Florida, where the actions at issue took place.

## PARTIES

11. During all times relevant, Plaintiff worked for Defendants in Miami-Dade

County, Florida.

12. Plaintiff is protected by Title VII/FCRA because:

 a. She is a Christian woman who suffered discrimination based on her religion by Defendants; and

 b. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her religious beliefs, including being subjected to discrimination, for requesting reasonable accommodations for her religious beliefs, and for objecting to religious based discrimination.

13. Defendant SDH is a Limited Liability Company, that provides retirement home services in Miami-Dade County, Florida and is a subsidiary of Defendant Sodexo.

14. Defendant Sodexo is a Foreign Profit Corporation that provides retirement home services in Miami-Dade County, Florida.

15. At all times material hereto, Defendant SDH was continuously a joint employer with Defendant Sodexo, where both generally controlled the terms and conditions of the employment of Plaintiff.

16. At all times material hereto, Defendant SDH and Defendant Sodexo, shared: a common owner, common office/facility space, overlapping officers and directors, common managerial and office staff, jointly coordinated scheduling, and jointly controlled operations.

17. At all times material hereto, Defendant SDH and Defendant Sodexo, had an arrangement to jointly share Plaintiff's services, and jointly exercise authority and control over Plaintiff's scheduling, payroll, and general working conditions, which often included an arrangement to have Plaintiff simultaneously complete tasks for both Defendants.

18. Defendants were at all material times "employers" as defined by Title VII/FCRA as it employed in excess of fifteen (15) employees.

## GENERAL ALLEGATIONS

19. Ms. Mohoff worked for Defendants, as a Registered Dietitian for Defendants' Miami Jewish Health ("MJH") facility from April 2021, until December 17, 2021.

20. During her tenure with Defendants, Ms. Mohoff was an excellent and reliable employee, and had no significant history of attendance, tardiness, or disciplinary issues.

21. On or around August 2, 2021, Defendants' District Manager, Kenneth Arnold ("Mr. Arnold") informed Ms. Mohoff via email that MJH was requiring that every one of its onsite staff members subject themselves to vaccines for the COVID-19 virus.

22. Neither MJH nor Defendants provided no legal justification for making this demand of its employees, which threatened their autonomy, religious convictions, disability concerns, and bodily autonomy in violation of law.

23. Neither MJH nor Defendants provided no avenues to submit a reasonable accommodation request for any reason such as disability or religion.

24. Nor did MJH or Defendants promised to indemnify employees if they later manifested any adverse events reported by COVID-19 vaccination recipients.

25. MJH staff were ordered to comply by October 15, 2021, or they would not be able to continue working at MJH – a *de facto* termination.

26. That same day, Ms. Mohoff replied to Mr. Arnold's email and requested the reasonable accommodation to be exempt from the vaccine requirement due to her

religious beliefs. Mr. Arnold failed to respond.

27. Shortly thereafter, on August 5, 2021, during a zoom meeting held by Defendants regarding the mandate, Ms. Mohoff again requested reasonable accommodations, and was again ignored.

28. Ms. Mohoff's requests for accommodation are considered protected activity pursuant to Title VII and the FCRA.

29. On August 10, 2021, Mr. Arnold sent an email accusing Ms. Mohoff of spreading "religious ideologies" to motivate other individuals into seeking religious accommodations.

30. By this point, it became clear that MJH and Defendants were not interested in genuinely offering any kind of opportunity for its employees to be accommodated.

31. In fact, these discriminatory and retaliatory accusations make it clear that Defendants had discriminatory animus against any employees who sought religious accommodations, even though it is their right to do so pursuant to federal and state law.

32. Immediately after receiving this email, Ms. Mohoff responded, shocked, and objected to the patently discriminatory accusations contained therein.

33. While Mr. Arnold apologized for accusing our client while acting on "misinformation," it was clear that her managers and supervisors were extremely hostile to anyone who requested reasonable accommodations to the vaccine mandate.

34. Neither Mr. Arnold, nor any other one of Defendants' managers took Ms. Mohoff's objections to their unlawful accusations seriously, and instead continued to retaliate against individuals who requested a vaccine exemption.

35. On or around August 31, 2021, Ms. Mohoff's colleague, Amy Kozelka ("Ms. Kozelka"), received an email communication from Defendant's Employee Relations Senior Manager, Loree Sorenson ("Ms. Sorenson"), denying her religious accommodations request and assuring her that MJH would not grant any COVID-19 vaccine exemptions.

36. Ms. Sorenson's incriminating email belies the truth of the matter – MJH and Defendants' "accommodations request process" is illusory, and there was never any intention of assessing these requests fairly and legally.

37. In reality, Defendants failed to conduct any kind of interactive process when they received accommodations requests, and merely sought to find every possible way to deny the accommodations in violation of the law.

38. Defendants' "process" is merely a tool simply designed to be a shield against liability.

39. Leaving no doubt to the nature of their discriminatory policy, on September 14, 2021, Mr. Arnold informed Ms. Mohoff that MJH was not accepting any religious exemptions at all, as a complete rule.

40. MJH's blanket refusal to even assess any religious accommodations and go through a (non-illusory) interactive process is a complete violation of Title VII and the FCRA.

41. Shockingly, multiple of Defendants' agents acknowledge that there is no real interactive process for religious discrimination requests (only blanket refusals), and still make employment decisions (such as termination) on the results of this discriminatory process.

42. Despite knowing it to be likely fruitless, Ms. Mohoff made the decision to submit her request for an exemption from the vaccine mandate pursuant to her religious beliefs

6

as a Christian.

43. While Defendants never replied to Ms. Mohoff when she repeatedly asked for guidance regarding how to properly request this accommodation, Ms. Mohoff nevertheless completed the form and submitted it promptly to Defendants on September 14, 2021.

44. Ms. Mohoff was later contacted by Senior Manager of Employee Relations, Elizabeth Plocki ("Ms. Plocki"), who invited Ms. Mohoff to have a meeting with her regarding her request for a vaccine exemption/reasonable accommodation.

45. Shockingly, however, when Ms. Mohoff asked Ms. Plocki for basic guidance about the nature of the meeting and what kind of questions are usually asked in this process, Ms. Plocki was evasive and refused to answer clearly.

46. Despite repeated requests from Plaintiff to get Ms. Plocki to describe the nature of the interactive process, Ms. Plocki refused to answer.

47. It is clear that Ms. Plocki and Defendants meant to blindside Ms. Mohoff in a retaliatory attempt to elicit any kind of unfavorable information that would lead them to deny the exemption.

48. On October 7, 2021, Ms. Plocki and Ms. Mohoff spoke regarding Plaintiff's requested accommodations.

49. During that conversation, Ms. Mohoff explained that the COVID-19 vaccine mandate violates her beliefs as a Christian, as they interfere with the concepts of, among other things, spiritual autonomy.

50. Ms. Mohoff relied on the teachings of her church for this matter, including a letter provided to her by Esi Mohoff, Assistant Minister of the New United Malokan Christian

7

Church, which details the Biblical basis for this Christian spiritual autonomy.

51. Ms. Plocki's demeanor during this conversation was highly skeptical, and at many times, she challenged the credibility of Ms. Mohoff's religious convictions.

52. While employers may ask exploratory questions to better understand the accommodations request at hand, it is unlawful for decision-makers such as Ms. Plocki to make final judgments on what is or what is not a spiritual tenet in Ms. Mohoff's religious beliefs.

53. It is evident that Ms. Plocki simply disagreed with Ms. Mohoff's religious beliefs and utilized that disagreement as a basis to deny Plaintiff's reasonable accommodations request in violation of Title VII and the FCRA.

54. As such, Defendants failed to engage in the interactive process, and unilaterally denied Ms. Mohoff's requests for accommodation in violation of the law.

55. As a result, Defendants transferred Ms. Mohoff into a temporary role until December 17, 2021, when it effectuated its termination.

56. Defendants discriminated against Ms. Mohoff based on her religion, and terminated her employment in retaliation for her objections to the discrimination, and in retaliation for her request for reasonable religious-based accommodation.

57. Any other "reason" theorized after the fact by Defendants for their termination of Ms. Mohoff's employment is pure pretext.

58. Plaintiff has suffered damages as a result of Defendants' conduct, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

59. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A.,

to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**RELIGIOUS DISCRIMINATION**
**IN VIOLATION OF TITLE VII**

60. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 59 and of the Complaint, as if fully set forth in this Count.

61. The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against religious-based discrimination under Title VII.

62. The discrimination/harassment to which Plaintiff was subjected was severe and was based on her religious beliefs.

63. Despite there being a reasonable accommodation for Plaintiff to avail herself of and continue performing her duties, Defendants denied her same.

64. Plaintiff's requested reasonable accommodations would not have been an undue burden on Defendants.

65. The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66. The conduct of Defendants was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter them, and others, from such conduct in the future.

67. Plaintiff is entitled to recover reasonable attorneys' fees and litigation

9

expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

<u>**COUNT II**</u>
<u>**RELIGIOUS DISCRIMINATION**</u>
<u>**IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**</u>

68. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 59 and of the Complaint, as if fully set forth in this Count.

69. The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against religious-based discrimination under the FCRA.

70. The discrimination/harassment to which Plaintiff was subjected was severe and was based on her religious beliefs.

71. Despite there being a reasonable accommodation for Plaintiff to avail herself of and continue performing her duties, Defendants denied her same.

72. Plaintiff's requested reasonable accommodations would not have been an undue burden on Defendants.

73. The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

74. The conduct of Defendants was so willful, wanton, and in reckless disregard

of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter them, and others, from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

76. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 59 of the Complaint, as if fully set forth in this Count.

77. Plaintiff was terminated within close temporal proximity of her objections to Defendants that she felt she was being discriminated against based on her religious and subjected to religious harassment.

78. Plaintiff was also terminated within close temporal proximity to her requests for reasonable accommodation.

79. Plaintiff's objections and requests for accommodation constituted protected activity under Title VII.

80. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be religious discrimination and religious harassment and requests for accommodations.

81. Plaintiff's objections to Defendants' illegal conduct, and her discharge, are

causally related.

82. Defendants' stated reasons for Plaintiff's discharge are a pretext.

83. The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against being retaliated against for opposing religious discrimination and harassment under the Title VII.

85. Defendants retaliated against Plaintiff because of her opposition to Defendants' illegal, discriminatory conduct.

86. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter them and others from such conduct in the future.

87. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

88. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper

by this Court.

### COUNT IV
### RETALIATION IN VIOLATION OF
### THE FLORIDA CIVIL RIGHTS ACT

89. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 59 of the Complaint, as if fully set forth in this Count.

90. Plaintiff was terminated within close temporal proximity of her objections to Defendants that she felt she was being discriminated against based on her religious beliefs.

91. Plaintiff was also terminated within close temporal proximity of her requests for reasonable accommodation under the FCRA.

92. Plaintiff's objections and requests for accommodation constituted protected activity under FCRA.

93. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be religious discrimination and religious harassment and requests for accommodation.

94. Plaintiff's objections to Defendants' illegal conduct, and her discharge, are causally related.

95. Defendants' stated reasons for Plaintiff's discharge are a pretext.

96. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

97. The acts of Defendants, by and through their agents and employees, violated

Plaintiff's rights against being retaliated against for opposing religion-based discrimination under the FCRA.

98. Defendants retaliated against Plaintiff because of her opposition to Defendants' illegal, discriminatory conduct.

99. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter them and others from such conduct in the future.

100. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

101. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 30th day of May, 2023.

*(Remainder of page left intentionally blank)*

By: **/s/ Noah Storch**
Noah Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorney for the Plaintiff*